IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RODNEY LEE BROSSMAN,<br><br>Defendant. | CR 16–8–M–DLC<br><br><br><br>ORDER |

Before the Court is Defendant Rodney Lee Brossman's Unopposed Motion for Early Termination of Supervision. (Doc. 42.) Brossman pled guilty to one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). (Doc. 27.) On August 24, 2016, he was sentenced to a custodial sentence of 30 months, followed by a 7 year term of supervised release. (Doc. 36.) Brossman began his period of supervised release on November 29, 2018. (Doc. 43 at 2.) He now seeks the premature termination of his remaining term of supervised release. The United States Attorney's Office does not object to the motion and the United States Probation Office supports the request. (*Id.* at 2.)

Under federal law, this Court may:

> after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to

1

the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, [1] if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1).

This expansive phrasing makes clear that this Court "enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). Brossman began his 7 year term of supervised release on November 29, 2018, rendering him statutorily eligible for the premature termination of his remaining term of supervised release. Accordingly, the Court will consider the pertinent factors.

These include, but are not limited to: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct [and] to protect the public from further crimes of the defendant;" (3) the applicable sentencing guidelines; (4) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar

---

[1] The Federal Rules of Criminal Procedure generally obligate this Court to hold a hearing prior to modifying the conditions of Brossman's supervised release. Fed. R. Crim. P. 32.1(c). Such a hearing is not necessary, however, if Brossman waives it, or if the proposed modification is favorable to him and the United States does not object. The premature termination of Brossman's supervised release is obviously favorable to him and the United States does not object. Accordingly, the Court will dispose of this matter without a hearing.

conduct;" and (5) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a). This Court "need not discuss every factor," but the record must sufficiently establish that the Court fulfilled its "duty to explain its sentencing decisions" which extends to the early termination of supervised release context. *Emmett*, 749 F.3d at 821.

The Court finds that consideration of the foregoing factors supports the early termination of Brossman's remaining term of supervised release. Brossman has remained compliant while on supervision, has completed sexual offender treatment, and has paid his restitution obligation in full. Prior to this offense, he had no criminal history. He maintained steady employment and volunteered his time with his local ambulance and search and rescue team for several decades. (Doc 43 at 6.) He is currently married and has both children of his own and stepchildren. (*Id.*) He was deemed a low risk to reoffend and his probation officer described his performance as exemplary and supports the early termination of his term of supervised release.

Accordingly, IT IS ORDERED that the motion (Doc. 42) is GRANTED.

IT IS FURTHER ORDERED that Brossman's remaining term of supervised release is TERMINATED as of the date of this Order. The Clerk of Court is directed to notify the United States Probation Office for the District of Montana of the making of this Order.

DATED this 25th day of January, 2024.

Dana L. Christensen, District Judge
United States District Court